# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| THER & COMPANY, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-2916 |
| | § | |
| U.S. BANK, N.A. AND | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are plaintiff Ther & Company, LLC's ("Ther & Co.") motion for partial summary judgment (Dkt. 18), defendants U.S. Bank, N.A. ("U.S. Bank") and Ocwen Loan Servicing, LLC's ("Ocwen") response (Dkt. 22), and plaintiff's reply (Dkt. 23). Also pending are defendants' motion for summary judgment (Dkt. 20), plaintiff's response (Dkt. 25), and defendants' reply (Dkt. 28). Having considered the motions, responses, replies, evidentiary record, and applicable law, the court finds that plaintiff's partial motion for summary judgment (Dkt. 18) should be **DENIED**, and defendants' motion for summary judgment (Dkt. 20) should be **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

This removed action concerns U.S. Bank and Ocwen's attempted foreclosure of 7659 Smiling Wood Lane, Houston, Texas 77086 ("the Property"). Dkt. 1-5 at 2–3. The relevant, undisputed timeline of events concerning the property is as follows:

> **July 31, 2006**: Jose and Maria Ramirez ("the Borrowers") obtained a home equity loan ("the Loan") from New Century Mortgage Corporation ("New Century") in the original principal amount of $82,400.00. Dkt. 18-1. The Loan was secured by a Texas Home Equity Security Instrument ("the Lien"), recorded in the Harris County

Property Records as document 2006010298. Dkt. 18-2. The Lien contains an optional acceleration clause. *See id.* § 21.

**October 7, 2010**: Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2004-R7 erroneously filed a Rule 736 action (Cause No. 2010-66265) seeking an Order for Foreclosure for the property located at 10813 Seneca Street, Houston, Texas 77016. Dkt. 20-5.

**December 30, 2010**: The former mortgage servicer for the Loan sent the Borrowers a Notice of Default and Intent to Accelerate. Dkt. 18-3.

**February 5, 2014**: The Lien is transferred to U.S. Bank and recorded in the Harris County Property Records as document 20140074971. Dkt. 18-8.

**May 12, 2014**: Pursuant to a Home Equity Foreclosure Order, issued from the Court of Harris County on January 14, 2011 under Cause No. 2010-66265, a Notice of Foreclosure Sale of the Property ("Notice of Sale") was filed with the Harris County Clerk (Dkt. 18-4), even though Cause No. 2010-66265 did not concern the Property. *See* Dkt. 20-5.

**June 3, 2014**: U.S. Bank purportedly purchases the Property at the Foreclosure Sale ("the Sale"). Dkt. 18-5. However, the Sale was conducted pursuant to Cause No. 2010-66265 (Dkt. 20-5), which did not concern the Property.

**June 6, 2014**: The Foreclosure Sale Deed is recorded in the Harris County Property Records as document 20140243733. *Id.*

**August 7, 2015**: The Sale is voided because "the Substitute Trustee did not have the authority to conduct the sale since the mortgagee has not obtained an Order Allowing Foreclosure pursuant to Rule 736 of the Texas Rules of Civil Procedure." Dkt. 18-6. An Affidavit Concerning Void June 3, 2014 Foreclosure Sale Deed was recorded in the Harris County Property Records as document 20150301596. *Id.*

**March 2, 2017**: Ocwen sends a Notice of Default to the Borrowers. Dkt. 20-8 at 49–61.

**April 21, 2017**: Ocwen and U.S. Bank's Foreclosure Counsel sends a Notice of Acceleration to Borrowers. *Id.* at 63–66.

**June 7, 2017**: U.S. Bank files an Application for an Expedited Order Under Rule 736, seeking to foreclose on the Property ("Rule 736 Suit"). *Id.*

**December 5, 2017**: Ther & Co. purchases the Property at an HOA Foreclosure Sale for $2,000. Dkt. 18-9.

**July 2, 2018**: Ther & Co. files suit against U.S. Bank in the 189th Judicial District Court in Harris County, Texas seeking to quiet title and for declaratory judgment that defendants' foreclosure action violates the statute of limitations set forth in Texas Civil Practice and Remedies Code section 16.035, because more than four years have passed since accrual. Dkt. 1-5 at 4–5. Ther & Co. also seeks injunctive relief. *Id.* at 8. In the alternative, Ther & Co. seeks an accounting and equitable redemption. *Id.* at 6–8.

**August 23, 2018**: Defendants removed the instant suit to this court following service on July 27, 2018. Dkt. 1.

Ther & Co. seeks partial summary judgment on its declaratory relief and quiet title claims, both of which are based on its argument that U.S. Bank's Rule 736 Suit violates the four-year statute of limitations. Dkt. 18. Defendants seek summary judgment on all of Ther & Co.'s claims, arguing that the quiet title claim fails because the statute of limitations has not run; that there can be no claims for declaratory and injunctive relief (or attorney's fees) where the underlying quiet title claim fails; that Ther & Co. is not entitled to an accounting; and that Ther & Co.'s equitable redemption claim fails because it has waived its right by failing to pay any amount due on the Lien. Dkt. 20.

## II. LEGAL STANDARD

Summary judgment is proper only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once the moving party has demonstrated the absence of a material fact issue, the non-moving party must 'go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Id.* (quoting *Little*, 37 F.3d at 1075). "[O]n summary judgment, 'the evidence of the nonmovant is to be believed, and all justifiable inferences are to be

3

drawn in his or her favor.'" *Waste Mgmt. of La., L.L.C. v. River Birch, Inc.*, 920 F.3d 958, 972 (5th Cir. 2019) (quoting *Tolan v. Cotton*, 572 U.S. 650, 656, 134 S.Ct. 1861, 188 L. Ed. 2d 895 (2014) (per curiam)).

### III. ANALYSIS

**A.     The Statute of Limitations Has Not Run on Defendants' Foreclosure Action**

Ordinarily, the four-year statute of limitations period to foreclose a real property lien "does not begin to run until the maturity date of the last note, obligation, or installment." Tex. Civ. Prac. & Rem. Code § 16.035(e). Where, as here, "a note or deed of trust secured by real property contains an optional acceleration clause, . . . the action accrues only when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001) (citations omitted). "Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." *Id.* "Both notices must be 'clear and unequivocal.'" *Id.* (citing *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 892 (Tex. 1991)). "Even when a noteholder has accelerated a note upon default, the holder can abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity." *Id.* at 566–67 (citing *City Nat'l Bank v. Pope*, 260 S.W. 903, 905 (Tex. App.—San Antonio 1924, no writ)).

Here, there is no dispute that the December 30, 2010 Notice of Default and Intent to Accelerate (Dkt. 18-3) was "clear and unequivocal." However, effective acceleration also requires "clear and unequivocal" notice of acceleration. *Holy Cross*, 44 S.W.3d at 566. Defendants contend that they never sent a notice of acceleration to the Borrowers until April 21, 2017. Dkt. 22 at 3. Ther & Co. asserts that the June 3, 2014 Notice of Sale "constitutes as [sic] unequivocal notice of acceleration under *Brown, Meadowbrook Gardens, and McLemore*." Dkt. 18 at 7. As an initial matter, the court notes that the Notice of Sale is dated May 12, 2014, not June 3, 2014. Dkt. 18-4.

4

The court believes that May 12, 2014, is the date that Ther & Co. intended to reference because in its reply, Ther & Co. asserts that "acceleration occurred when the Notice of Sale was recorded in the public records and mailed to the borrower." Dkt. 23 at 2. This is frivolity.[1]

The Affidavit Concerning Void June 3, 2014 Foreclosure Sale Deed, recorded in the Harris County Property Records as document 20150301596, states that "the Foreclosure Sale Deed dated June 3, 2014, is void and of no force and effect whatsoever and that *all acts conducted with regard to the foreclosure sale of June 3, 2014, are hereby rescinded*." Dkt. 18-6. "[A]ll acts" would include the May 12, 2014 Notice of Sale. Ther & Co. points this court to no case law suggesting otherwise. Because this is Ther & Co.'s only argument that the statute of limitations has run, the court finds that the statute of limitations did not start until April 21, 2017, when defendants sent a notice of acceleration to the Borrowers. Dkt. 22 at 3. Four years have not yet passed, meaning the four-year limitations period has not run, so defendant is entitled to foreclose on the Property.

**B.      Ther & Co.'s Quiet Title Claim Fails**

Ther & Co.'s quiet title claim is based entirely up on its argument that "the power of sale

---

[1] Even if this argument were not patently frivolous—because it is foreclosed by Ther & Co.'s own evidence (*see* Dkt. 18-6)—Ther & Co. points this court to nothing in the record that would serve as evidence that the Notice of Sale was actually mailed to the Borrowers. In each of the cases on which Ther & Co. relies for the proposition that notice of sale constitutes acceleration, the notice was mailed to the borrower. *See Karam v. Brown*, 407 S.W.3d 464, 470 (Tex. App.—El Paso 2013, no pet.) ("By providing Brown with the Notice of Substitute Trustee' Sale four days after providing her with the notice of intent to accelerate, Karam unequivocally indicated that the debt had been accelerated."); *Meadowbrook Gardens, Ltd. v. WMFMT Real Estate Ltd. P'ship*, 980 S.W.2d 916, 919 (Tex. App.—Fort Worth 1998, pet. denied) ("notice of acceleration was effected by the July 15 letter" mailed to borrower); *McLemore v. Pac. Sw. Bank, FSB*, 872 S.W.2d 286, 291 (Tex. App.—Texarkana 1994, writ dism'd by agr.) (notice of sale was mailed to borrower). Because acceleration must be "clear and unequivocal," and because defendants point out that there is nothing in the record to suggest the Borrowers ever received the Notice of Sale, even if the Notice of Sale had not been rescinded (Dkt. 18-6), the court still would not find that the Notice of Sale constituted acceleration and Ther & Co.'s statute of limitations argument would still fail.

5

under the loan agreement and Texas law is void due to the expiration of the statute of limitations." Dkt. 18 at 6. Because that argument fails, *see supra* § III.A., the quiet title claim fails.

C.  **Ther & Co. Is Not Entitled to Declaratory or Injunctive Relief, or Attorney's Fees**

Ther and Co.'s claims for declaratory and injunctive relief and attorney's fees are premised on its quiet title action. Because that underlying claim fails, *see supra* § III.A., these claims fail also. *See, e.g.*, *Sivertson v. Citibank, N.A.*, 390 F. Supp. 3d 769, 793 (E.D. Tex. 2019) (finding that "because Plaintiff has failed to state any valid causes of action against Defendant, there is no underlying cause of action for which the Court can provide [declaratory or injunctive relief]"); *Everhart v. CitiMortgage, Inc.*, No. Civ. A. H-12-1338, 2013 WL 264436, at *10 (S.D. Tex. Jan. 22, 2013) (Harmon, J.) ("Last, because Plaintiffs have not pled any viable causes of action, their request for exemplary damages and attorney's fees should be dismissed.").

D.  **Ther & Co. Has Abandoned Its Claim for an Accounting**

Defendants argue that Ther & Co.'s claim for an accounting fails because Ther & Co. "has not shown itself entitled to an accounting on someone else's account." Dkt. 20 at 11. Ther & Co. fails to respond to this argument. Dkt. 25. "[F]ailure to pursue this claim beyond [the] complaint constitute[s] abandonment." *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 (5th Cir. 2006) (citing *Vela v. City of Houston*, 276 F.3d 659, 679 (5th Cir. 2001)). The court finds that Ther & Co. has abandoned its claim for an accounting.

E.  **Ther & Co. May Have a Right to Equitable Redemption**

To enforce an equity of redemption, a party (1) "must prove that [it] has a legal or equitable interest in the property subject to the mortgage"; (2) prove that it is "ready, able or willing to redeem the properties in controversy by paying off the amount of valid and subsisting liens to which the properties are subject"; and (3) "assert [its] equity of redemption before a foreclosure sale because

the equity of redemption terminates once a foreclosure sale occurs." *Scott v. Dorothy B. Schneider Estate Tr.*, 783 S.W.2d 26, 28 (Tex. App.—Austin 1990, no writ) (citations omitted). Defendants do not dispute that Ther & Co. satisfies this three part test. Instead, defendants assert that Ther & Co. has waived its right to equitable redemption because it "has failed and refused to tender the amount due and owing [on] the Loan." Dkt. 20 at 11.

Defendants rely on *330 Cedron Tr. v. Citimortgage, Inc.*, SA-14-CV-933-XR, 2015 WL 1566058 (W.D. Tex. Apr. 8, 2015), for their waiver argument. But in that case, the claim was dismissed for failure to state a claim because the plaintiff offered "no facts about the value of such lien, how it would pay, its own net worth or assets, etc." *See id.* at *3. The complaint also failed "because it d[id] not allege facts about previously paying, attempting to pay, or doing anything to maintain its interest in the property." *Id.* Here, Ther & Co. has provided a declaration by its manager, Jimmy Le, that Ther & Co. "was ready, willing, and able to pay off the lien as of October 30, 2018 in the amount of $189,998.94." Dkt. 25-1.

The court notes that Ther & Co.'s declaration was executed on April 25, 2019, one day prior to Ther & Co. filing its response to defendants' motion for summary judgment. *Id.* Because the declaration did not address the amount due on the lien as of the date of the declaration, and because the amount has certainly changed since the declaration was filed, the court is unaware as to whether Ther & Co. remains ready, able, and willing to redeem the Property. However, the declaration creates an issue of fact that prevents the court from granting defendants' motion for summary judgment on Ther & Co.'s equitable redemption claim. *See Waste Mgmt. of La., L.L.C. v. River Birch, Inc.*, 920 F.3d 958, 972 (5th Cir. 2019) (quoting *Tolan v. Cotton*, 572 U.S. 650, 656, 134 S.Ct. 1861, 188 L. Ed. 2d 895 (2014) (per curiam)) ("[O]n summary judgment, 'the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his or her favor.'"). Accordingly, Ther

& Co.'s equitable redemption claim is all that survives defendants' motion for summary judgment (Dkt. 20).

## IV. Conclusion

For the reasons stated above, plaintiff's partial motion for summary judgment (Dkt. 18) is **DENIED**, and defendants' motion for summary judgment (Dkt. 20) is **GRANTED IN PART** and **DENIED IN PART**.

Signed at Houston, Texas on October 31, 2019.

_____
Gray H. Miller
Senior United States District Judge